DISTRICT OF OREGON
**F I L E D**
December 19, 2023
Clerk, U.S. Bankruptcy Court

Below is an opinion of the court.

_____
DAVID W. HERCHER
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>**Springer Construction LLC,**<br><br>Debtor. | Case No. 22-31974-dwh7<br><br>MEMORANDUM DECISION GRANTING SPRINGER CONSTRUCTION LLC'S MOTION FOR SUMMARY JUDGMENT ON OBJECTION TO CLAIM 11 OF JEFF AND TERRA MATTSON[1] |

## I. Introduction

Debtor, Springer Construction LLC, and Jeff and Terra Mattson have moved for summary judgment[2] on Springer's objection to the Mattsons' proof of claim 11.[3]

---

[1] This disposition is specific to this action. It may be cited for whatever persuasive value it may have.
[2] ECF Nos. 123 (Springer), 125 (Mattsons).
[3] ECF No. 56.

Page 1 – MEMORANDUM DECISION GRANTING SPRINGER etc.

The liability-limitation clause in the parties' contract is enforceable and bars the claim. I will grant Springer's motion, deny the Mattsons', and disallow the claim.

## II. Background

The parties entered into an earnest-money agreement (EMA) for Springer to buy land, build a house on it, and sell the house and land to the Mattsons.[4] That transaction was not completed before Springer filed its chapter 7 petition. After the petition was filed, the trustee sold the house and property to someone else.

The Mattsons filed two proofs of claim, claim 5 as a secured claim and claim 11 as an unsecured claim. I previously allowed claim 5 for the amounts that the Mattsons had paid Springer, plus interest.[5] I authorized and ordered the trustee to pay that claim from proceeds of the property sale.[6]

In claim 11, the Mattsons assert consequential damages for Springer's breach of the EMA. Springer's motion for summary judgment asks that claim 11 be disallowed as barred by the following EMA provision:

> **Limitations of Liability**. [Springer's] liability to [the Mattsons], for negligence, failure to perform, breach of this Agreement and breach of any warranty shall be limited to the amount buyer has paid to Contractor.[7]

---

[4] ECF No. 65-1; ECF No. 123 concise statement at 1 ¶ 1; ECF No. 126 at 1:19.
[5] ECF No. 97 at 26.
[6] ECF No. 98.
[7] ECF No. 65-1 at 4; ECF No. 123 concise statement at 1–2 ¶ 1; ECF No. 126 at 1:19.

Page 2 – MEMORANDUM DECISION GRANTING SPRINGER etc.

For reference only, I will refer to that provision as "the EMA liability limitation." Conversely, the Mattsons ask that the EMA liability limitation be determined to be unenforceable and that claim 11 be allowed in full.

Springer makes two primary arguments for the enforceability of the EMA liability limitation. First, it argues that the provision is enforceable under Oregon common law holding that a contractual limitation-of-liability clause is enforceable "when it is clear, unequivocal, conspicuous in a written agreement, and not harsh or inequitable."[8] Second, it argues that the EMA liability limitation is not void as a liquidated-damages penalty.[9]

The Mattsons' arguments are largely the converse of Springer's. They argue first that the EMA liability limitation is unenforceable as a liquidated-damages penalty.[10] Second, the provision should not be analyzed as a limitation of liability, but if treated as such it is nonetheless unenforceable.[11]

### III. Discussion

#### A. *Jurisdiction and authority*

The district court has jurisdiction over this case under 28 U.S.C. § 1334(a) and over this claim objection, a contested matter and civil proceeding arising in this case, under 1334(b).

---

[8] ECF No. 124 at 4:1–8.
[9] ECF No. 124 at 4:22 – 5:17.
[10] ECF No. 125 at 3:1 – 5:25.
[11] ECF No. 125 at 5:26 – 9:7.

The district court has referred to this court all bankruptcy cases and proceedings in this district.[12] This claim objection is a core proceeding,[13] which this court may hear and determine.[14]

### B. *Summary judgment*

Summary judgment for the movant is mandatory when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[15]

### C. *Choice of law*

When a federal court must determine which state's law applies to an issue governed by state law, the court applies the choice-of-law rules of the forum state.[16] Because this court sits in Oregon, it applies Oregon's choice-of-law rules.[17]

Here, no party has argued that, under Oregon's choice-of-law rules, the law of a state other than Oregon governs claim 11.

### D. *The EMA liability limitation does not liquidate damages.*

The Mattsons argue that the EMA liability limitation is unenforceable as a provision for liquidated damages that does not comply with Oregon Revised Statutes § 72.7180(1), entitled "Liquidation or limitation of damages; deposits."

---

[12] LR 2100-2(a)(1).
[13] 28 U.S.C. § 157(b)(2)(B).
[14] 28 U.S.C. § 157(b)(1).
[15] Fed. R. Civ. P. 56(a).
[16] Kohlrautz v. Oilmen Participation Corp., 441 F.3d 827, 833 (9th Cir. 2006).
[17] Or. Rev. Stat. §§ 15.300–.380.

Section 72.7180 is part of Oregon's 1961 enactment of the Uniform Commercial Code;[18] the section is the enactment of UCC § 2-718. Although 72.7180 is part of Oregon Revised Statutes chapter 72, which nominally applies only to transactions in goods,[19] the Oregon Supreme Court held in its 1984 decision *Illingworth v. Bushong*[20] that 72.7180(1) is "the initial point of departure for analyzing the validity of provisions for liquidated damages in contracts in general."

Section 72.7180(1) addresses "damages for breach" that have been "liquidated in the agreement." The liquidated amount of damages must be reasonable in light of a list of factors, including the "anticipated or actual harm caused by the breach."

Oregon case law requires a two-step inquiry to determine when a party argues that a contract contains an unlawful liquidated damages clause. The first inquiry is whether the disputed clause is for liquidated damages. If it is, the second inquiry is whether the damages are imposed as an unlawful penalty.[21] In *Illingworth*, the court held that a contract provision is one for liquidated damages if it contains "words . . . that set the amount of damages to be recovered by one party from another in case of the latter's failure to perform as agreed."[22]

---

[18] *See* 1961 Or. Laws ch. 726 (enactment).
[19] Or. Rev. Stat. § 72.1020.
[20] 688 P.2d 379, 390 (Or. 1984) (en banc).
[21] Kesterson v. Juhl, 970 P.2d 681, 683 (Or. App. 1998).
[22] *Illingworth*, 688 P.2d at 383.

Page 5 – MEMORANDUM DECISION GRANTING SPRINGER etc.

Here, the parties agreed that damages other than a refund were simply unavailable. And even the refund amount was not, and could not have been, fixed in the EMA because the parties could not have known what amounts, other than the down payment, the Mattsons would pay Springer. So the words of the EMA liability limitation cannot be read to set the amount of damages for Springer's breach.

The EMA liability limitation is not one for liquidated damages, and it is thus not subject to the 72.7180(1) reasonableness limitation on enforceability.

### E. *The EMA liability limitation is an enforceable limitation of Springer's contract-breach liability.*

#### 1. **The common law recognizes and enforces a contract provision limiting liability as distinct from one liquidating damages.**

Section 339(1) of the Restatement (First) of Contracts (1932) is similar to 2-718. Comment g to 339(1) distinguishes a contract provision liquidating damages from one limiting the amount of damages:

> An agreement limiting the amount of damages recoverable for breach is not an agreement to pay either liquidated damages or a penalty. Except in the case of certain public service contracts, the contracting parties can by agreement limit their liability in damages to a specified amount, either at the time of making their principal contract, or subsequently thereto. Such a contract does not purport to make an estimate of the harm caused by a breach; nor is its purpose to operate in terrorem to induce performance.

Courts in several jurisdictions, although not Oregon, have relied on comment g to make that same distinction, and they recognize the right of contracting parties to limit their liability in damages to a specified amount.

Page 6 – MEMORANDUM DECISION GRANTING SPRINGER etc.

For example, in the Eighth Circuit's 1984 decision in *Tharalson v. Pfizer Genetics, Inc.*,[23] applying North Dakota law, the court held that limitation of damages provisions "are by their nature unreasonable in light of the anticipated or actual harm and are generally used where there is no particular difficulty proving loss or obtaining an adequate remedy." The court observed that to apply the reasonableness requirement of 2-178 "would effectively outlaw limitation of damages provisions, at least as they are generally used."[24]

Similarly, in the 1995 decision of a Northern District of Ohio district judge, *Nahra v. Honeywell, Inc.*,[25] the judge explained the distinction between provisions liquidating damages and those limiting damages:

> [A]t least some courts . . . have blurred the distinction between the law governing the enforceability of *liquidated damages* clauses and the law applicable to related, but distinct, *limitation* of liability clauses. While both types of clauses may under certain circumstances be found to be unconscionable or to violate public policy, the factual predicates for these findings, like the legal rationales allowing such clauses in the first instance, differ with the type of clause involved. *Restatement (First) of Contracts* § 339 cmt. g (1932). . . .. Liquidated damages clauses, properly employed, attempt to fix in advance "reasonable compensation for actual damages." However, limitation of liability clauses by definition restrict the amount of compensation available, regardless of the actual damages ultimately suffered. . . . Thus, the failure to "consider, estimate or adjust the damages that might reasonably flow from the negligent breach of the agreement" undermines the integrity of a liquidated damages

---

[23] 728 F.2d 1108, 1112 (8th Cir. 1984).
[24] *Tharalson*, 728 F.2d at 1112.
[25] 892 F. Supp. 962 (N.D. Ohio 1995).

Page 7 – MEMORANDUM DECISION GRANTING SPRINGER etc.

provision but is not inimitable to the permissible use of limitation clauses.[26]

Courts in other jurisdictions have made similar holdings.[27]

### 2. Oregon case law can be reconciled with the common law.

Three decisions of the Oregon Court of Appeals address whether a contract provision limiting damages is the same as or distinct from one liquidating damages. The first decision arguably supports treating them the same. In the court's 1987 decision in *Simpson v. Phone Directories Co.*,[28] it considered the appeal of a telephone-directory customer in an action against the directory publisher for omitting the customer's listing. The trial court granted the publisher summary judgment, enforcing a contract clause limiting the publisher's liability to the amount the customer had paid.[29] The customer appealed, and the publisher did not file an appellate brief.[30] The court treated the contractual liability limitation as a provision for liquidated damages and reversed for consideration by the trial court whether enforcement of the provision would satisfy 72.7180(1).[31]

---

[26] *Nahra*, 892 F. Supp. at 969.
[27] Connell v. Sun Oil Co., 596 P.2d 1215 (Colo. App. 1979); Schrier v. Beltway Alarm Co., 533 A.2d 1316, 1321 (Md. Spec. App. 1987); Reed's Jeweler's, Inc. v. ADT Co., 260 S.E.2d 107, 109 (N.C. App. 1979); Vallance & Co. v. DeAnda, 595 S.W.2d 587, 589–90 (Tex. Civ. App. 1980).
[28] 729 P.2d 578 (Or. App. 1987),
[29] *Simpson*, 729 P.2d at 579.
[30] *Simpson*, 729 P.2d at 581 n. 5.
[31] *Simpson*, 729 P.2d at 581.

Page 8 – MEMORANDUM DECISION GRANTING SPRINGER etc.

By contrast, the second and third decisions—later in time—recognize the distinction between provisions liquidating damages and those limiting damages. In the court's 1994 decision in *Karnecki v. Wick's Air Freight, Inc.*,[32] it considered the appeal of a produce shipper who had sued the carrier for allowing the produce to spoil. On the bill of lading, the shipper had declared an artificially low value for the produce, which reduced both the transportation fee and the carrier's potential breach liability. On appeal, the court rejected the shipper's argument that the limitation was a void liquidated-damages penalty but called the liability limitation "a classic one involving a choice of rates to be paid by the shipper, depending on the shipper's declared value of the goods to be shipped."[33] And in the court's 2015 decision in *Magno-Humphries, Inc. v. Apex Label & System, Inc.*,[34] it rejected without discussion the appellant's argument that a limited liability contract provision is an "'unreasonable' liquidated damages provision."

For several reasons, I am not bound to follow *Simpson*, and I predict that the Oregon Supreme Court would adopt the distinction between a provision liquidating damages and one limiting damages and not apply 72.7180 to one limiting damages. First, that distinction follows from comment g to Restatement (First) of Contracts § 339 and each of the decisions discussed in part III.E.1 above. Although no Oregon decision has expressly adopted

---

[32] 869 P.2d 388 (Or. App. 1994).
[33] *Karnecki*, 869 P.2d at 391.
[34] 344 P.3d 1139, 1141 (Or. App. 2015).

Page 9 – MEMORANDUM DECISION GRANTING SPRINGER etc.

comment g, Oregon appellate courts have said that restatements "provide guidance"[35] and "are relevant and helpful . . . descriptive restatements of the law."[36] They have also cited with approval other restatement comments.[37]

Second, *Simpson* cannot be squared with the later decisions in *Karnecki* and *Magno-Humphries*. The Oregon Court of Appeals has recognized that "*stare decisis* . . . is compromised when we have inconsistent decisions."[38]

Third, although none of *Simpson*, *Karnecki*, or *Magno-Humphries* has been cited for the holdings described above, only *Simpson* conflicts with the common law.

Fourth, the *Simpson* court acknowledged that it lacked the benefit of appellate briefing by the publisher, whom it ruled against.

Those considerations constitute "convincing evidence" that the Oregon Supreme Court would not follow *Simpson*'s implication that a clause limiting liability must be treated as one liquidating damages.[39]

---

[35] Park v. Hoffard, 847 P.2d 852, 854 n.3 (Or. 1993) (en banc).
[36] McPherson v. State ex rel. Dep't of Corr., 152 P.3d 918, 923 (Or. App. 2007).
[37] *E.g.*, Harkness v. Platten, 375 P.3d 521, 527 n.3 (Or. 2016) (Restatement (Third) of Agency § 1.03 cmt. c.); Partney v. Russell, 469 P.3d 756, 765 (Or. App. 2020) (Restatement of Servitudes § 2.1 cmt. c.).
[38] Matter of H.W., 476 P.3d 107, 117 (Or. App. 2020).
[39] *See* Ryman v. Sears, Roebuck & Co., 505 F.3d 993, 994 (9th Cir. 2007) (federal court must following decision of state's intermediate appellate court unless federal court finds convincing evidence that state supreme court likely would not follow it).

### 3. The restrictions in *Estey v. MacKenzie Engineering Inc.* do not apply to limitation of contract-breach liability.

The Mattsons argue that the EMA liability limitation is unenforceable because, in their view, it is not clear and unequivocal, and enforcement would be harsh and inequitable.[40] In support, they cite the Oregon Supreme Court's 1997 decision in *Estey v. MacKenzie Engineering Inc.*[41] In *Estey*, a home buyer who had engaged an inspector sued the inspector for negligence, negligent misrepresentations, and breach of contract. The inspector defended based on a contract provision limiting its liability to refund of the fee paid.

The only issue on appeal in *Estey* was whether the liability limitation could bar the buyer's negligence claim. The court held that a contract provision immunizing a party from the consequences of the party's own negligence is enforceable if the parties' "intention is clearly and unequivocally expressed."[42] The "inquiry into the parties' intent in this regard" focuses not only on the contract language "but also on the possibility of a harsh or inequitable result that would fall on one party by immunizing the other party from the consequences of his or her own negligence."[43]

Applying that test to the facts in *Estey*, the court held that the liability-limitation clause did not apply to the buyer's negligence claim, because the

---

[40] ECF No. 125 at 6:10–15.
[41] 927 P.2d 86 (Or. 1997).
[42] *Estey*, 927 P.2d at 88.
[43] *Estey*, 927 P.2d at 88.

Page 11 – MEMORANDUM DECISION GRANTING SPRINGER etc.

clause did not "clearly and unequivocally express[] an intent to limit defendants' liability for the consequences of their own negligence to the contract sum."[44] As a result, "plaintiff reasonably might have interpreted 'liability' to refer only to liability arising from breach of contract, or from a reasonable failure to discover latent defects, or from property damage resulting from the review itself."[45]

*Estey*'s distinction between liability for negligence, for which the liability-limitation provision was ineffective, on one hand, and liability for contract breach, on the other hand, implies that the prerequisites for enforcing the liability limitation to damages for negligence do not apply to damages only for contract breach. The same implication can be drawn from *Certain Underwriters at Lloyd's London v. TNA NA Manufacturing Inc.*,[46] where the court held that a party was not shielded from tort liability by contractual liability limitations that "could be plausibly read as limitations to contract damages." Although Springer cited *Certain Underwriters* and *American Wholesale Products v. Allstate Insurance Company*[47] to support its argument that the EMA liability limitation is enforceable if "it is clear, unequivocal, conspicuous in a written agreement, and not harsh or inequitable," both

---

[44] *Estey*, 927 P.2d at 89.
[45] *Estey*, 927 P.2d at 89.
[46] 523 P.3d 690, 695 (Or. App. 2022).
[47] 406 P.3d 163, 166–68 (Or. App. 2017).

Page 12 – MEMORANDUM DECISION GRANTING SPRINGER etc.

decisions addressed the enforceability of a liability-limitation clause to limit damages for negligence, rather than contract breach.

Here, the Mattsons' damage claim is not for any negligence by Springer; it is for Springer's breach of the EMA. And *Estey*'s restriction on the enforceability of a liability limitation provision does not apply to a claim for contract breach.

The EMA liability limitation is an enforceable limiting the Mattsons' rights on Springer's breach to recovery of the amount they paid. Because I authorized them to recover that amount through their secured claim, they are not entitled to anything on their unsecured claim.

## IV. Conclusion

There is no genuine issue of disputed fact, and Springer is entitled to judgment as a matter of law.

I will prepare and enter separate orders granting Springer's motion, denying the Mattsons', and disallowing claim 11.

###